UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 4:98-cr-4-TWP-VTW |
| ) | |
| LARRY PORTER RAYMER, ) | |
| ) | |
| Defendant ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, U.S. District Court Judge, on December 2, 2015, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on November 25, 2015 (Dkt. 27), and to submit to Judge Pratt proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e) and (g).  An Initial Hearing in this matter was held on January 21, 2016, and disposition proceedings were held on February 22, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583.  The defendant, Larry Porter Raymer, appeared in person with his appointed counsel, Patrick J. Renn.  The government appeared by James M. Warden, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. On January 21, 2016, Mr. Renn was present for the initial hearing and was appointed by the Court to represent Mr. Raymer regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Raymer and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Raymer was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Raymer was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Raymer was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Raymer was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Raymer had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation entered on December 2, 2015.

7. Mr. Raymer requested a preliminary hearing and the same was scheduled for January 27, 2016, at 10:30 AM

8. On January 26, 2016 Counsel for Mr. Raymer filed a Motion to Continue the Preliminary Hearing. Said Motion was granted and the hearing was continued to February 11, 2016 at 1:30 PM.

9. On February 10, 2016 Mr. Raymer filed a written waiver of Preliminary Hearing and requested the Court to set the matter for a Final Revocation Hearing.  The Court accepted the Waiver of Preliminary Hearing and vacated the hearing as requested.

10.  A Final Revocation Hearing was subsequently scheduled for February 22, 2016 at 1:30 PM.

11.  On February 22, 2016, Mr. Raymer appeared with CJA counsel, Patrick Renn, at the scheduled final revocation hearing.

12.  The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

13.  The parties stipulated the following in open Court:

(a)  As to Violation Numbers 1 through 5 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

(b)  The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would be committed to the Bureau of Prisons for 3 days, time served.

(c)  Thereafter, Mr. Raymer would return to supervised release for nine (9)  months under the same terms and conditions previously imposed.

(d)  Additionally, Mr. Raymer would serve 240 days in a residential re-entry center and observe all the rules and regulations of such facility.  The parties request the Court recommend the VOA facility in Evansville, Indiana.

(e)  Upon completion of the nine (9) months, Defendant's term of supervised release would be completed.

  (f) Mr. Raymer will be allowed to self-surrender to the VOA facility as directed by the US Probation Officer. Until such time, the defendant remains on supervised release and remains subject to those terms and conditions.

14. The Court then proceeded to a revocation hearing upon the alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 5 of said Petition. The Court placed Mr. Raymer under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Raymer admitted the violations contained in Violation Numbers 1 through 5. The Court specifically inquired of Mr. Raymer whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Raymer that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Raymer answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 5. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| **2** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| **3** | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| **4** | **"The defendant shall not commit another federal, state, or local crime."** |
| **5** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

15. Based on the information available to the Court, the Court further finds the following:

(a) Mr. Raymer has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

(b) The most serious grade of violation committed by Mr. Raymer constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(c) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Raymer is 12-18 months.

(d) The appropriate disposition for Mr. Raymer's violation of the conditions of supervised release is as follows:

> (1) Mr. Raymer shall be committed to the Bureau of Prisons to serve a term of imprisonment of three (3) days, time served.
>
> (2) Mr. Raymer shall be returned to supervised release for a term of nine (9) months under the same terms and conditions previously imposed.
>
> (3) Additionally, Mr. Raymer shall serve 240 days in a residential re-entry center and observe all the rules and regulations of such facility. The Court recommends the VOA facility in Evansville, Indiana.
>
> (4) Upon completion of the nine (9) months, Mr. Raymer's term of supervised release will be completed.
>
> (5) Mr. Raymer shall self-surrender to the VOA facility as directed by the US Probation Officer. Until such time, the defendant shall remain on supervised release and remains subject to those terms and conditions.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 5 of the Petition.  The defendant's supervised release is hereby **REVOKED,** and Larry Porter Raymer shall be sentenced to the Bureau of Prisons for a term of three (3) days, time served.  Thereafter, Mr. Raymer shall be returned to supervised release for a period of nine (9) months with the same terms and conditions previously imposed.  Additionally, Mr. Raymer shall serve 240 days in a residential re-entry center and observe all the rules and regulations of such facility.  The Court recommends the VOA facility in Evansville, Indiana.  Upon completion of the nine (9) months, Defendant's term of supervised release will be completed.   Mr. Raymer shall self-surrender to the VOA facility as directed by the US Probation Officer. Until such time, the defendant shall remain on supervised release and remains subject to those terms and conditions.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Raymer stipulated in open court a waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Raymer entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Larry Porter Raymer's supervised release.

**IT IS SO RECOMMENDED** this  23rd  day of February, 2016.

_____
Van T. Willis, Magistrate Judge
United States District Court

Distribution to all counsel of record via CM/ECF